**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LENROY McLEAN, | No. 20-55410 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00275-RGK-SP |
| v. | |
| CONRAD HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| PHILLIP GUTIERREZ, Warden; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Federal prisoner Lenroy McLean appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Eighth Amendment claims for excessive force and sexual assault. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We reverse and remand.

The district court granted summary judgment on McLean's sexual assault claim because it concluded that McLean failed to raise a genuine dispute of material fact as to whether defendant Hernandez's striking of McLean's right testicle during a pat down search constituted sexual assault. However, McLean alleged in his verified complaint that Hernandez attacked his testicle to cause pain and humiliation. *See Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) (providing requirements to establish a prisoner sexual assault claim). Resolving all factual disputes and drawing all reasonable inferences in McLean's favor, we reverse the district court's judgment on McLean's sexual assault claim and remand for further proceedings.

The district court granted summary judgment on McLean's excessive force claim because it concluded that there is no evidence from which a reasonable juror could infer that Hernandez acted maliciously and sadistically to harm McLean when Hernandez struck McLean's right testicle during a pat down search. However, McLean submitted a declaration that provided a credible motive for

Hernandez's alleged assault, namely that Hernandez acted on behalf of another prison staff member who expressed a desire to retaliate against McLean for a reprimand the staff member received due to his failure to release prison account funds to pay McLean's attorney. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm[.]"). Resolving all factual disputes and drawing all reasonable inferences in McLean's favor, we reverse the district court's judgment on McLean's excessive force claim and remand for further proceedings.

Hernandez is not entitled to qualified immunity for the sexual assault or excessive force claims. *See id.* at 5 (noting the "settled rule that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment" (internal quotation marks omitted)); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise.").

The district court did not abuse its discretion by denying McLean's motions

for appointment of counsel because McLean failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

The district court did not abuse its discretion by denying McLean's motion for a protective order with regard to his medical records because McLean's remedy for an alleged violation of the Privacy Act of 1974 was damages, not exclusion of evidence. *See* 5 U.S.C. § 552a(g)(1)(D) & (g)(4)(A) (providing the remedy of a civil action for damages); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (standard of review); *see also United States v. Lombera-Camorlinga*, 206 F.3d 882, 886 (9th Cir. 2000) (en banc) ("[A]n exclusionary rule is typically available only for constitutional violations, not for statutory or treaty violations.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**

20-55410